IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JACQUELINE BAUMGART,

      Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social
Security,

      Defendant.

Case No. 25-cv-00549-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is Defendant's Motion to Dismiss with Prejudice and accompanying Memorandum in Support. (Doc. 7, 8). The Commissioner of Social Security requests that this Court to dismiss Plaintiff Jacqueline Baumgart's Complaint (Doc. 2) or, in the alternative, grant summary judgment in favor of the Commissioner pursuant to Federal Rule of Civil Procedure 56. (*See id.*). For the reasons set forth above, the Motion is **GRANTED in part** with respect to the Motion to Dismiss but **DENIED as moot** with respect to the Motion for Summary Judgment.

### PROCEDURAL BACKGROUND

On April 11, 2025, Plaintiff filed her Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Social Security Administration's decision to deny her Applications for Disability Insurance Benefits under Title II of the Social Security Act and Supplemental Security Income under Title XVI of the Social Security Act.

(Doc. 2). On June 4, 2025, Defendant Commissioner of Social Security responded by filing its Motion to Dismiss Plaintiff's Complaint with Prejudice and Memorandum in Support. (Doc. 7, 8). Plaintiff filed her Response to the Motion on June 6, 2025. (Doc. 9).

## LEGAL STANDARD

As sovereign, the United States is immune from suit except as it consents to be sued. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). The statute governing judicial review of disability claims made under the Social Security Act allows that

> "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."

42 U.S.C. § 405(g). The 60-day timeline commences upon the receipt of the notification of the denial of benefits. *See* 20 C.F.R. § 422.210(c). "[T]he date of receipt of notice of denial of request for review [. . .] shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary. *See id.* The 60-day deadline to bring a claim "may be extended by the Appeals Council upon a showing of good cause." (*Id.*) "The 60-day requirement is not jurisdictional, but constitutes a period of limitations that may be tolled by the Commissioner or the Court if fairness demands." *Chamberlain v. Colvin*, No. 4:15-CV-31-PRC, 2016 WL 2609578, at *2 (N.D. Ind. May 5, 2016). *See Bowen v. City of New York*, 476 U.S. 467, 469−71 (1986). "Under the doctrine of equitable tolling, a person's failure to file a civil complaint within the time specified may be excused if the person can show that she

was pursuing her rights diligently and that some kind of extraordinary circumstances prevented the timely filing." *Chamberlain*, 2016 WL 2609578, at *4 (citing *United States v. Wong*, 135 S. Ct. 1625, 1623−24).

## ANALYSIS

Baumgart filed a Title II Application for a Period of Disability and Disability Insurance Benefits and a Title XVI Application for Supplemental Security Income on January 18, 2022. (*See* Doc. 8, Ex. 1, p. 8). On March 27, 2024, the Administrative Law Judge denied Baumgart's Application, finding that Baumgart was not disabled under Sections 216(i) and 223(d) of the Social Security Act. (*See id.*, p. 26). Baumgart requested review by the Appeals Council. (*See id.*, p. 33). The Appeals Council found that Baumgart had no basis to review the Administrative Law Judge's March 27, 2024 Order, and upheld the decision. (*See id.*).

In her Complaint, Baumgart seeks review of the denial of benefits by this Court and argues that her medical diagnoses, when considered with her age and work experience, met sufficient severity and duration to constitute a disability. (*See* Doc. 2). Baumgart alleges that the Administrative Law Judge's decision was not based on this substantial evidence of record, and requests that this decision be reversed or remanded for further evaluation. (*Id.*).

The Commissioner of Social Security argues that Baumgart failed to timely bring her claim before this Court in accordance with the 60-day period, and as a result, her Complaint should be dismissed with prejudice. (Doc. 7, 8). Specifically, the Commissioner argues that the Appeals Council's denial of Baumgart's request for review of the Administrative Law Judge's decision was dated January 29, 2025, but

Baumgart filed her Complaint with this Court on April 11, 2025, which was 72 days after the Appeals Council's decision. (Doc. 8).

Baumgart makes no attempt to dispute the fact she filed her Complaint 12 days after the 60-day limit for bringing her claim before this Court. In Response to the Motion to Dismiss, Plaintiff's counsel states that Plaintiff informed her counsel that "she had appealed her previous ALJ denial dated 3/27/2024 and that she also received a denial from the Appeals Council dated 2/6/2025." (Doc. 9). Counsel, acting on Plaintiff's information and lacking "the necessary paperwork to file the complaint without paying the filing fee," and "believing the deadline to be fast approaching," filed Baumgart's Complaint on April 11, 2025. (*Id.*). Baumgart's counsel states that "[i]t is not clear if the plaintiff misread the date on the denial or if she told our office the date she received the document, but counsel's actions were based upon the information plaintiff provided." (*Id.*).

This matter is straightforward. The 60-day timeline for Baumgart to seek judicial review before this Court of the Administrative Law Judge's denial of her request for benefits was, at the latest, 60 days from the adverse decision plus 5 days, the time which the Court presumes Plaintiff received notice. Accordingly, the deadline for Baumgart to file her Complaint was April 4, 2025. This Court received Baumgart's Complaint on April 11, 2025, and, as such, her Complaint was not timely brought pursuant to § 405(g).

Baumgart's Response makes no argument as to why this 65-day period should be equitably tolled or any other argument as to why this Court should now hear her

untimely Complaint. Baumgart has not made a showing that she was pursuing her rights diligently and that some kind of extraordinary circumstance prevented the timely filing, as is required. *See Chamberlain*, 2016 WL 2609578, at *3. Baumgart does not claim that she actively pursued judicial remedies within the 65-day period. There is also no evidence that Plaintiff made any attempt to request an extension of time to file her Complaint. While her counsel states that she was acting on limited information as to the date of the denial or date when Plaintiff learned of the denial, this falls far short of showing extraordinary circumstances necessary to support equitable tolling. *See id.*, at *5; *see also Wilson v. Battles*, 302 F.3d 745, 748 (7th Cir. 2002) (finding that the litigant's or attorney's mistake or confusion did not constitute extraordinary circumstances); *Bowlin v. Astrue*, No. 08-CV-750, 2010 WL 5113987, at *2–3 (S.D. Ill. Dec. 9, 2010) (finding that the plaintiff's argument of defective notice to counsel did not constitute extraordinary circumstances that would merit equitable tolling for filing the complaint seven days late).

Thus, we are back to where we began: the United States cannot be sued except as it has consented to be sued, and by establishing a 60-day period during which one may request judicial review pursuant to § 405(g), the United States is exempt from suits that are brought outside of that limited time frame. *See Lehman*, 453 U.S. at 160. By bringing her claim after the 60-day time period had expired, Baumgart's Complaint was not timely filed, and accordingly, is dismissed with prejudice. *See Maston v. Colvin*, No. 13-1088, 2014 WL 1379918, at *3 (C.D. Ill. Apr. 8, 2014)

(dismissing complaint seeking judicial review pursuant to § 405(g) with prejudice for failure to bring claim within 60-day period as required).

## CONCLUSION

For the reasons set forth above, the Commissioner of Social Security's Motion to Dismiss (Doc. 7) is **GRANTED in part**. Plaintiff Jacqueline Baumgart's Complaint (Doc. 2) is **DISMISSED with prejudice**. The Motion (Doc. 7) is **DENIED as moot** to the extent it seeks summary judgment or any other relief. The Clerk of Court is **DIRECTED** to enter judgment and close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED: July 9, 2025**

                                                      __ **s/ *Stephen P. McGlynn***
                                                      **STEPHEN P. McGLYNN**
                                                      **U.S. District Judge**